# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### July 28, 2010 Session

## JAMES FORTUNE v. UNUM LIFE INSURANCE COMPANY OF AMERICA, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-005641-06      Donna Fields, Judge**

---

**No. W2009-01395-COA-R3-CV - Filed October 12, 2010**

---

This appeal arises out of an alleged wrongful denial of long term disability benefits. The plaintiff/appellant filed suit asserting multiple causes of action against an insurance company that contracted to provide long term disability insurance to employees of the City of Germantown. The defendants/appellees, the insurance company and its parent corporation, moved for summary judgment arguing, *inter alia*, that the applicable statutory and contractual limitations periods barred each of the plaintiff's causes of action. The trial court agreed and granted summary judgment in favor of the defendants. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Daniel A. Seward, Memphis, Tennessee, for the appellant, James Fortune, as substituted by Bettye Bedwell, Bankruptcy Trustee.

S. Russell Headrick and Leigh M. Chiles, Knoxville, Tennessee, for the appellees, Unum Life Insurance Company of America and The Unum Group, f/k/a Unum Provident Corporation.

## OPINION

### I. Background and Procedural History

The following facts are undisputed. Unum Life Insurance Company of America ("Unum Life") issued a group long term disability policy to the City of Germantown,

Tennessee on June 1, 1994. James Fortune ("Fortune") was insured under this policy when he became disabled on or about June 15, 1999. Unum Life paid long term disability benefits to Fortune for a period but terminated his claim after concluding he was ineligible to receive continued benefits. Unum Life informed Fortune's then counsel of the termination by letter dated October 19, 2001, explaining that Fortune's benefits would cease on October 31, 2001.

More than three years later, Unum Life entered into a "Regulatory Settlement Agreement" ("RSA") with state insurance regulators, including the Commissioner of the Tennessee Department of Commerce and Insurance, and the United States Department of Labor. The RSA, among other things, created a "plan of corrective action" to address a number of regulatory and statutory concerns raised regarding prior claim assessments. It also instituted improved claim handling procedures for future claim assessments. Pertinent to this appeal, the RSA established a claim reassessment process through which an identified class of claimants could receive *de novo* review of prior assessments. Importantly, however, the RSA specifically stated that neither it "nor any of the relief to be offered under this Agreement shall be interpreted to alter in any way the contractual terms of any policy, or to constitute a novation of any policy."

On January 13, 2005, the Claim Reassessment Unit of Unum Life's parent corporation, UnumProvident Corporation (now known as "Unum Group"), mailed Fortune notice that his claim for long term disability benefits was eligible for reassessment under the terms of the RSA. Fortune soon thereafter executed a "Request to Participate" form indicating his desire to participate in the claim reassessment process. After receiving further correspondence regarding his claim, Fortune executed a waiver and release containing the following language:

> [A]ny applicable statute of limitations is tolled during the pendency of the reassessment of my claim; however, I understand that my participation in this Claim Reassessment Process will not revive or reinitiate the statute of limitations with respect to the previous claim decision.

The Claim Reassessment Unit thereafter initiated a review of Fortune's claim, eventually informing Fortune's present counsel by letter dated April 11, 2006, that it concurred in the original decision to deny Fortune continued disability benefits because he did not meet the definition of disability contained in the policy after October 31, 2001.

Fortune commenced this action against Unum Life in October 2006.[1] Fortune alleged

---

[1]The parties' briefs indicate that Fortune filed his initial complaint solely against Unum Life, Unum
(continued...)

in his complaint and amended complaint that: (1) Unum engaged in unfair and deceptive acts or practices in violation of the Tennessee Consumer Protection Act ("TCPA") when it denied and continued to deny Fortune's claim; (2) Unum knowingly, intentionally, and in bad faith denied and continued to deny Fortune's claim; (3) Unum engaged in fraud and misrepresentation when it denied and continued to deny Fortune's claim; (4) Unum knowingly concealed and continued to conceal relevant information from Fortune regarding his claim; and (5) Unum committed breach of contract when it denied Fortune's claim in October 2001 and again intentionally violated the terms of the policy in April 2006. Fortune alleged that he incurred losses and injuries as a result of Unum's actions including but not limited to loss of past due benefits plus interest, loss of his life insurance policy, loss of retirement benefits due to his forced early retirement, pain and suffering, and emotional distress. He requested compensatory damages and punitive damages, as well as treble damages and attorney's fees for the alleged violation of the TCPA.

Unum subsequently filed a motion for summary judgment arguing, *inter alia*, that each cause of action asserted in Fortune's complaint was time-barred. Unum argued that the lengthiest statutory or contractual limitations period applicable to the alleged causes of action was three years and that Fortune had filed his complaint nearly five years after his claims accrued. The trial court conducted a hearing on the motion and granted summary judgment in favor of Unum, finding "no genuine issue as to any material fact, and that Defendants are entitled to judgment as a matter of law because all claims contained in Plaintiff's complaint are barred by the applicable contractual and statutory periods of limitations." Fortune, as substituted by bankruptcy trustee Bettye Bedwell ("the Trustee"), later filed a motion to alter, amend, or vacate the court's judgment, which the trial court denied.[2] Following denial of the motion, the Trustee timely appealed.

---

[1](...continued)
Life removed the case to the United States District Court for the Western District of Tennessee, and the federal court remanded the case back to Shelby County Circuit Court after Fortune filed an amended complaint adding Unum Group as a defendant. The record, however, contains only the original complaint filed in state court against Unum Life. Although the record does not contain an amended complaint adding Unum Group as a defendant, the defendants' answer nonetheless purports to respond to Fortune's "Amended Complaint" and lists Unum Life and Unum Group as defendants. It appears, therefore, that Unum Group was made a party to this lawsuit. For convenience, we will collectively refer to Unum Life and Unum Group as "Unum" throughout the remainder of this opinion. We will also assume in light of the arguments before the trial court and this Court that Fortune's amended complaint reproduced the allegations of his original complaint. To the extent Fortune's amended complaint may have alleged additional causes of action, they were neither addressed before the trial court nor presented on appeal.

[2]The record shows that United States Bankruptcy Judge Paulette J. Delk authorized Fortune's attorney, Daniel Seward, to represent the Trustee in this case following Fortune's filing for Chapter 7 bankruptcy.

## II. Issues Presented

The issues before this Court, as we perceive them, are:

(1)     Whether Unum alleged undisputed facts to establish that an agreed three-year limitations period bars Fortune's claim for breach of contract where Unum did not allege undisputed facts establishing that it apprised Fortune of the policy's limitations provision;

(2)     Whether the reassessment of Fortune's claim revived his claim, renewed his policy, or otherwise constituted a new policy of insurance such that his breach of contract action did not accrue until the Claim Reassessment Unit concluded its review in April 2006; and

(3)     Whether Unum presented undisputed facts to establish that the applicable statutes of limitations barred Fortune's statutory and tort causes of action where Fortune filed a sworn affidavit stating that he learned of these causes of action within one year of the filing of his complaint.

## III. Standard of Review

This Court reviews a trial court's decision on a motion for summary judgment *de novo* with no presumption of correctness. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008) (citing *Blair v. W. Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004)). We review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of the nonmoving party. *Id.* (citing *Staples v. CBL & Assocs.*, 15 S.W.3d 83, 89 (Tenn. 2000)).

## IV. Analysis

Rule 56 of the Tennessee Rules of Civil Procedure provides that a party is entitled to summary judgment if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The moving party has the ultimate burden of demonstrating that summary judgment is appropriate, *Martin*, 271 S.W.3d at 83 (citing *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)), and consequently bears the initial burden of providing a properly supported motion showing there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, *id.* (citing *Staples*, 15 S.W.3d at 88; *McCarley v. W. Quality*

-4-

*Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998)).  "The moving party may make the required showing and therefore shift the burden of production to the nonmoving party by either: (1) affirmatively negating an essential element of the nonmoving party's claim; or (2) showing that the nonmoving party cannot prove an essential element of the claim at trial."  *Id.* (citing *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008); *McCarley*, 960 S.W.2d at 588; *Byrd*, 847 S.W.2d at 215 n.5).  The burden-shifting analysis differs if the moving party bears the burden of proof at trial.  *Hannan*, 270 S.W.3d at 9 n.6.  "For example, a plaintiff who files a motion for partial summary judgment on an element of his or her claim shifts the burden by alleging undisputed facts that show the existence of that element and entitle the plaintiff to summary judgment as a matter of law."  *Id.* n.6.  "Similarly, a defendant asserting an affirmative defense . . . shifts the burden of production by alleging undisputed facts that show the existence of the affirmative defense."  *Id.* n.6.

A party will not succeed on a motion for summary judgment merely by asserting that the nonmoving party is without evidence to support its claim.  *Martin*, 271 S.W.3d at 83-84 (citing *Byrd*, 847 S.W.2d at 215).  "The moving party must either produce evidence or refer to evidence previously submitted by the nonmoving party that negates an essential element of the nonmoving party's claim or shows that the nonmoving party cannot prove an essential element of the claim at trial."  *Id.* at 84 (citing *Hannan*, 270 S.W.3d at 5).  Production of evidence raising doubts about the merits of the nonmoving party's claim will not suffice.  *Id.* (citing *McCarley*, 960 S.W.2d at 588).  "[T]he moving party must point to evidence that tends to disprove an essential factual claim made by the nonmoving party."  *Id.* (citing *Blair*, 130 S.W.3d at 768).  If the moving party does not carry its initial burden, the nonmoving party has no obligation to produce evidentiary materials in support of its position.  *Id.* (citing *McCarley*, 960 S.W.2d at 588; *Staples*, 15 S.W.3d at 88).

Once a moving party carries its initial burden, the focus of the inquiry shifts to the nonmoving party who must "affirmatively show facts either (a) supporting the elements of its claim or defense if it has the burden of persuasion, or (b) negating the movant's claim or defense if the movant has the burden of persuasion."  Lawrence A. Pivnick, *Tennessee Circuit Court Practice* § 27:5, at 382-83 & n.48 (2010) (collecting cases).  The Tennessee Supreme Court has articulated four methods by which the nonmoving party can satisfy its burden of production and defeat a motion for summary judgment:

> (1) pointing to evidence establishing material factual disputes that were over-looked or ignored by the moving party; (2) rehabilitating the evidence attacked by the moving party; (3) producing additional evidence establishing the existence of a genuine issue for trial; or (4) submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P., Rule 56.06.

*McCarley*, 960 S.W.2d at 588 (citing *Byrd*, 847 S.W.2d at 215 n.6). Courts must accept the evidence proffered by the nonmoving party as true and resolve any doubts concerning the existence of a genuine issue of material fact in favor of the nonmoving party. *Martin*, 271 S.W.3d at 84 (citation omitted). "'A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed.'" *Id.* (quoting *Byrd*, 847 S.W.2d at 215). "A disputed fact presents a genuine issue if 'a reasonable jury could legitimately resolve that fact in favor of one side or the other.'" *Id.* (quoting *Byrd*, 847 S.W.2d at 215).

This appeal requires us to consider whether Unum has borne its burden to establish the applicable contractual or statutory limitations periods as affirmative defenses to Fortune's causes of action. The Trustee argues that summary judgment is inappropriate for various reasons. The Trustee first contends that Unum is not entitled to summary judgment on the breach of contract action because Unum failed to allege undisputed facts demonstrating that the agreed three-year limitations period has not been tolled. The Trustee argues in the alternative that Unum is not entitled to summary judgment because the reassessment of Fortune's claim either revived his claim, renewed the policy, or constituted a new policy of insurance such that the breach of contract action did not accrue until the Claim Reassessment Unit concluded its review in April 2006. Finally, the Trustee submits that Unum is not entitled to summary judgment on Fortune's statutory and tort claims because there is a disputed issue of fact concerning when he discovered Unum's alleged fraudulent, deceptive, or unlawful conduct. We will address these issues in turn.

The Trustee submits that Unum is not entitled to summary judgment on the breach of contract action because there is an issue of fact as to whether the applicable limitations period has been tolled. The group long term disability policy at issue indisputably precluded Fortune or his authorized representative from commencing any legal action "until 60 days after proof of claim has been given" or "more than 3 years after the time proof of claim is required." The Trustee does not challenge whether the parties contracted to establish an enforceable agreed limitations period of three years. *See Brick Church Trans., Inc. v. S. Pilot Ins. Co.*, 140 S.W.3d 324, 329 (Tenn. Ct. App. 2003) (citations omitted) ("Tennessee has long held that an insurance policy provision establishing an agreed limitations period within which suit may be filed against the company is valid and enforceable."); *see also Certain Underwriters at Lloyd's of London v. Transcarriers, Inc.*, 107 S.W.3d 496, 499 (Tenn. Ct. App. 2002) (citations omitted). Nor does the Trustee challenge whether Fortune failed to filed his complaint within three years of the October 2001 denial of continued benefits. Rather, the Trustee argues that Unum is not entitled to summary judgment because it has not alleged undisputed facts showing it provided Fortune or his attorney a copy of the policy or other notice at least three years prior to the filing of his complaint. The Trustee submits that an agreed limitations period is tolled in Tennessee until an insured is apprised of a policy's

provisions and, thus, Unum's failure to allege facts affirmatively showing that it provided Fortune with a copy of the policy or other notice precludes summary judgment.

The Trustee cites the lone unreported decision of *Jackson v. Potomac Insurance Co.*, Hamilton Law (Tenn. Ct. App. Sept. 8, 1982), in support of the proposition that an agreed limitations period is tolled in Tennessee until the insured is specifically apprised of a policy's provisions.[3]  In *Jackson*, an insured filed suit to recover for a loss under the terms of a homeowner's policy that Potomac Insurance Company ("Potomac") had issued him. *Jackson*, at *1.  The loss occurred on March 24, 1979, when thieves broke into the insured's van and stole several items of personal property. *Id.* at *2.  After an insurance adjustor told the insured's wife that Potomac would not cover the loss absent proof of forcible entry, the insured sought legal assistance. *Id.*  The insured, however, was initially unable to provide counsel with a copy of the controlling policy because Potomac had never provided him the original. *Id.*  The insured requested a copy from his insurance agent, but none was forthcoming. *Id.*  Eventually, the insured drove to the insurance agency, picked up a copy of the insurance policy, and delivered it to his attorney on August 27th or 28th of 1979. *Id.* On August 26, 1980, the insured filed suit. *Id.* at *3.

The pertinent question before this Court was whether the policy's one-year contractual limitations period barred the insured's claim.  The trial court had held on *de novo* review from the general sessions court that the insured's claim was not barred because a misrepresentation of Potomac's insurance adjustor had tolled the policy's one-year limitations period. *Id.*  This Court disagreed with the trial court's conclusion that the insurance adjustor had committed fraud or misrepresentation but affirmed the trial court's decision on other grounds. *Id.*  While recognizing that the insured had not established the elements of estoppel, this Court determined that "where the general limitation provided by statute has been shortened by contract it is appropriate to accord the insured the full contract period after he has been apprised of the provisions of the policy." *Id.* at *5; *but see*

_____

[3]The Trustee's attorney has neglected to provide this Court a copy of the decision in *Jackson* pursuant to Rule 12 of the Rules of the Court of Appeals of Tennessee, which states:

> (a) No opinion of any court that has not been published shall be cited in papers filed in this Court unless a copy thereof has been furnished to this Court and to adversary counsel.  Such unpublished opinions shall be included as appendices to any brief or other paper filed with this Court.

Tenn. Ct. App. R. 12(a).  Our review of the record reveals that the Trustee's attorney apparently was unable, or perhaps unwilling, to locate a copy of this decision even though it is the sole authority cited in support of the Trustee's position.  Fortunately for the Trustee, opposing counsel experienced less difficulty procuring a copy of the opinion and adhering to the rules of this Court.

*Transcarriers*, 107 S.W.3d at 499 ("The courts of this state generally have held that a contractual limitations period begins to run upon accrual of the cause of action."). Because the insured in *Jackson* had filed suit within one year of receiving a copy of the policy, we held that the suit was timely filed and affirmed the trial court's decision. *Jackson*, at *5. The Trustee asks this Court to follow *Jackson* and hold that summary judgment is inappropriate on his breach of contract claim because Unum did not allege undisputed facts to show that Fortune filed suit more than three years after obtaining a copy of his policy or receiving notice of its provisions.

Unum argues to the contrary that this Court should adopt the position of the Sixth Circuit in the unreported decision of *Jones v. Allstate Ins. Co.*, 42 F.3d 1388, 1994 WL 677676 (6th Cir. 1994) (per curiam) (unpublished table decision), which expressly repudiated *Jackson*. In *Jones*, a married couple ("the Joneses") suffered a fire loss to a residence insured under a homeowner's policy with Allstate Insurance Company ("Allstate"). *Jones*, 1994 WL 677676, at *1. Allstate denied the Joneses' claim on November 15, 1988, because they had provided false information on their insurance application. *Id.* The couple's attorney received a copy of the insurance policy on September 29, 1989, and filed a complaint in state court on December 28, 1989. *Id.* The United States District Court for the Western District of Tennessee granted the insurance company's motion for judgment as a matter of law after Allstate removed the action to federal court because the Joneses had failed to file suit within the policy's agreed limitations period of one year.[4] *Id.* The Joneses appealed.

The United States Court of Appeals for the Sixth Circuit affirmed the decision of the district court, explaining:

> Tennessee Code Annotated § 28-3-109(a)(3) provides that "[a]ctions on contracts not otherwise expressly provided for . . . shall be commenced within six (6) years after the cause of action accrued." Tenn. Code Ann. § 28-3-109(a)(3) (1980). Tennessee courts, however, have consistently upheld contractual periods of limitations that reduce the statutory period for filing suit. *See, e.g.*, *Gutherie v. Connecticut Indemnity Ass'n*, 49 S.W. 829, 830 (Tenn. 1899) (holding that insurance policy's limitation for bringing suit was valid); *Tullahoma Concrete Pipe Co. v. Gillespie Constr. Co. & U.S. Fidelity & Guar. Co.*, 405 S.W.2d 657, 664 (Tenn. 1966) (holding that provision in contract that suit must be brought within one year after sub-contractor ceased work on project was valid); *Das v. State Farm Fire & Cas. Co.*, 713 S.W.2d 318, 324

---

[4]The insurance policy in *Jones* contained a provision stating that "[a]ny suit or action [against Allstate] must be brought within one year after the date of loss." *Jones*, 1994 WL 677676, at *1 (citation omitted).

-8-

(Tenn. Ct. App. 1986) (holding that dismissal of plaintiffs' suit was justified by their failure to sue within one year after insurance company's first denial of liability); *Hill v. Home Ins. Co.*, 125 S.W.2d 189, 192 (Tenn. Ct. App. 1938) (holding that contractual limitation requiring suit on fire policy to be commenced within one year after date of loss was valid and enforceable). Furthermore, in *Hill*, the Tennessee Court of Appeals held that the words "after the date of loss" in an insurance policy provision limiting suit on the policy means "after the cause of action accrues," and that the cause of action accrues at the time that the insurance company denies liability for the insured's claim. 125 S.W.2d at 192. Under *Hill*, the Joneses should have filed suit within a year after they were notified by Allstate that their claim was being denied, *i.e.*, by November 15, 1989.

The Joneses argue, however, that the policy's one-year time period to bring suit should have been tolled until the time when they or their attorney received a copy of the insurance policy, and thus had actual notice of the one-year limitation. Under this scenario, the Joneses would have filed suit in a timely manner, as the suit was filed within three months of their attorney's receipt of the policy. There are no reported Tennessee cases directly on point.

Even so, the Joneses do cite an unreported Tennessee decision, *Jackson v. Potomac Ins. Co.*, 7 TAM 41-21 (Tenn. Ct. App. Sept. 8, 1982), as support for their position. The reasoning of the case is not persuasive, and we are not bound by that decision. *See Southern Ry. Co. v. Foote Mineral Co.*, 384 F.2d 224, 228 (6th Cir. 1967) (stating that unpublished opinion of Tennessee Supreme Court is not binding on that court and accordingly federal court is not bound by decision that would not be binding on highest state court); *Patton v. McHone*, 822 S.W.2d 608, 615, n. 10 (Tenn. Ct. App. 1991) (noting that where Tennessee Supreme Court had in fact reviewed case, but had only concurred in result, unpublished opinion of Tennessee Court of Appeals had no precedential value except to parties in case).

We believe that the Tennessee Supreme Court would hold that the instant suit is absolutely barred by the one-year limitation in the insurance policy. Other jurisdictions have espoused this view. *See, e.g.*, *Schoonover v. American Family Ins. Co.*, 572 N.E.2d 1258, 1264 (Ill. Ct. App. 1991) (holding that although claimant had not received a copy of insurance policy, one-year limitation of policy applied because where insured had notice that policy existed, it was his responsibility, and not insurance company's, to insure his knowledge of contents of policy); *Young v. Seven Bar Flying Service, Inc.*, 685

P.2d 953, 956 (N.M. 1984) (holding that where insured was on notice that insurance coverage had been obtained, insurance company's failure to provide insured with a copy of the insurance policy did not preclude application of policy's one-year time period for bringing suit to bar insured's belated claim); *Alfieri v. Monoghan Real Estate, Inc.*, 283 A.2d 685, 686 (Del. Sup. Ct. 1971) (holding that where insureds procured copies of their policies before contractual time limitation was to expire, but then failed to file suit until almost one year later and after contractual deadline for filing suit had passed, in the absence of showing of misconduct by insurance company, contractual time limit applied, and suit was barred).

In reviewing the district court's judgment as a matter of law, we accept as true the Joneses' claim that they never received a copy of the insurance policy. Even so, the Joneses acknowledge that they had received documents from Allstate regarding the issuance of insurance coverage, the amounts of coverage, renewal notices, and premium notices. These documents constituted notice to the Joneses that an insurance policy was in effect, and the November 15, 1988 denial of claim letter was further notice to the Joneses that they should obtain a copy of the policy. Moreover, the Joneses' attorney did in fact receive a copy of the policy with adequate time to file the action within the one-year period, but he failed to meet the deadline. Finally, the Joneses have made no claim that Allstate intentionally prevented their knowledge of the policy provision placing a one-year time period for commencing suit on the policy, or that Allstate engaged in other misconduct that might estop application of the contractual provision. We hold that the Joneses' failure to comply with the policy provision now bars their claim.

*Jones*, 1994 WL 677676, at *2-3.

We find the reasoning of the Sixth Circuit's decision in *Jones* more persuasive on the question at hand, especially where the plaintiff has already accepted payments of benefits as a third party beneficiary of the policy. *See Benton v. Vanderbilt Univ.*, 137 S.W.3d 614, 618 (Tenn. 2004) (quoting *United States Fid. & Guar. Co. v. Elam*, 278 S.W.2d 693, 702 (Tenn. 1955) ("'Before the beneficiary may accept the benefits of the contract, he must accept all of its implied, as well as express, obligations. . . . [I]f the beneficiary accepts, he adopts the bad as well as the good, the burden as well as the benefit.'"). Here, it is undisputed that Fortune knew the policy governing his claim existed, that he accepted benefits under the terms of the policy for two years prior to denial, and that he received inquiry notice through the denial of claim letter that he should obtain a copy of his policy if he or his attorney did not already have one. These undisputed facts are sufficient in our opinion to warrant

summary judgment where the plaintiff has not alleged that the insurance company withheld a copy of the policy or obstructed his ability to learn of its contents.[5] Unlike *Jackson*, there has been no suggestion that the insurance company failed to provide the plaintiff with a copy of the policy, failed to respond timely to a request for a copy of the policy, or otherwise impeded the plaintiff's ability to learn of the policy's provisions. Unum is therefore entitled to summary judgment on the breach of contract issue if we accept its contention that Fortune's cause of action accrued in October 2001.

The Trustee submits that the reassessment process revived Fortune's claim, renewed his insurance policy, or otherwise constituted a new policy of insurance such that the breach of contract action did not accrue until the Claim Reassessment Unit concluded its review in April 2006.[6] The RSA, the conditional waiver and release, and the parties' correspondence, however, collectively indicate that the RSA was an optional process that did not create any new rights in the claimant beyond the right to seek reassessment. The RSA, for example, expressly states that the "purpose of the Claim Reassessment Process provided for under this Agreement is to offer an entirely optional method for claimants who wish to have their claims reassessed under these procedures," that "[n]either this Agreement nor any of the relief to be offered under this Agreement shall be interpreted to alter in any way the contractual terms of any policy, or to constitute a novation of any policy," and that "to the extent that following the reassessment there remains a complete or partial denial of benefits, a claimant's right to initiate or continue litigation regarding that portion of the prior denial . . . shall not be waived." Similarly, the conditional waiver and release expressly provided that the reassessment process would "not revive or reinitiate the statute of limitations with respect to the previous claim decision." As Unum persuasively explains in its brief,

> [T]he RSA did not create a claim process that would result in "new" claims. If a participant's claim remained viable - i.e., the limitations period remained open - then the limitations period was expressly tolled to allow time for Unum Life to complete its reassessment before a claimant need file suit related to the claim denial. If, however, the limitations period had run on a claim, no "revival" of the claim could occur. In this case, all periods of limitations had expired by October 2004 - before the RSA was even finalized and

---

[5]We express no opinion on whether a different rule should apply if a plaintiff alleges that an insurance company impeded his or her ability to obtain a copy of the relevant policy or learn of its contents.

[6]The Trustee has not argued that Unum breached the RSA or that Fortune is entitled to enforce its terms. *See MacLennan v. Provident Life & Acc. Ins. Co.*, 676 F. Supp. 2d 57, 68 (D. Conn. 2009) (applying Tennessee law and finding disputed issues of material fact concerning whether an insurance company had violated the terms of the RSA).

-11-

implemented, before Fortune opted into the process, and long before his claim was reassessed. By the time the reassessment process had begun, there was no then-pending limitations period to toll. The RSA cannot be read to revive expired statutes of limitations or to create new claims for plaintiffs who had already failed to timely assert their rights.

We agree and find that Unum has alleged undisputed facts demonstrating that the reassessment did not revive Fortune's claim, renew his policy, or constitute a new policy of insurance.

The decision of the United States District Court for the Western District of Tennessee in *Lindsey v. Allstate Insurance Co.*, 34 F. Supp. 2d. 636 (W.D. Tenn. 1999), is inapposite. In *Lindsey*, the district court declined to dismiss a claim for breach of contract as time-barred where (1) it was possible that the policy at issue was renewed within six years of the filing of suit, and (2) the contractual allegations also extended to a policy that remained in effect at the time of the decision. *Lindsey*, 34 F. Supp. 2d. at 650. The district court explained that "[a]lthough a renewal of an insurance contract may be routine and require very little negotiation, a renewal does contain the essential elements of a contract: offer, acceptance and consideration." *Id.* The undisputed facts, however, show that neither the RSA nor the correspondence between the parties contained the essential elements of a contract required to renew the policy. And the Trustee's brief contains absolutely no explanation of how this Court could reach a contrary conclusion. Accordingly, we find that Fortune's cause of action for breach of contract accrued at the very latest in October 2001 when Unum terminated his benefits by letter.[7] *See Transcarriers*, 107 S.W.3d at 499-500 (finding that a "contractual statute of limitations begins to run upon denial of liability or upon expiration of the immunity period, whichever comes first"). Because Fortune filed suit well beyond the policy's agreed limitations period of three years, the trial court's grant of summary judgment on the breach of contract issue is affirmed.

The next question before this Court is whether Unum is also entitled to summary judgment on Fortune's statutory and tort claims.[8] The TCPA provides that a private action for damages resulting from unlawful or deceptive acts or practices "shall be brought within one (1) year from a person's discovery of the unlawful act or practice." Tenn. Code Ann. §

---

[7]We are not asked to determine whether Fortune's claim actually accrued prior to this date under the terms of the contract.

[8]Although the Trustee's brief once mentions Fortune's "bad faith" claim, it does not contain an argument supported by citations to authority or citations to the record to demonstrate that the trial court erred when it granted summary judgment on this issue. The issue is therefore waived. *See Sneed v. Board of Professional Responsibility of Supreme Court*, 301 S.W.3d 603, 615 (Tenn. 2010).

47-18-110 (Supp. 2009). Tennessee Code Annotated section 28-3-105, which the parties agree governs Fortune's allegations of fraud and misrepresentation, provides that an action for injuries to real or personal property must be commenced within three years of accrual. Tenn. Code Ann. § 28-3-105(1) (2000). Here, it is undisputed that Fortune filed his complaint more than three years after the initial termination of his claim for continued benefits. The Trustee nevertheless contends that a question of fact exists about when Fortune discovered his causes of action, citing a sworn affidavit that states Fortune "became aware that the Defendants had improperly denied [his] claim for long term disability benefits within one year of suit being filed." The Trustee accordingly argues that the applicable limitations periods were tolled under the discovery rule and, thus, his statutory and tort actions did not accrue in October 2001. We disagree. Although Fortune's affidavit creates a factual dispute concerning his actual, subjective discovery of Unum's alleged wrongful conduct, the resolution of this dispute is immaterial because Fortune was aware of sufficient facts to put a reasonable person on notice that he had suffered injury or damages when Unum denied his claim.

This Court considered and rejected a nearly identical argument under the TCPA in *Schmank v. Sonic Automotive, Inc.*, No. E2007-01857-COA-R3-CV, 2008 WL 2078076 (Tenn. Ct. App. May 16, 2008). The consumer in *Schmank* filed suit against an automobile dealer, its owner, and the Automobile Protection Corporation alleging that the defendants violated the TCPA by "stuffing" a worthless product, an anti-theft system and warranty, into two separate vehicle sales agreements. *Schmank*, 2008 WL 2078076, at *1. The defendants responded in part that the TCPA's one-year statute of limitations barred the consumer's claim. *Id.* at *1. The trial court agreed and granted the defendants' motion to dismiss "'primarily, on the statute of limitations issue as to each purchase and, secondarily, on the issue of failure to state a claim under the Tennessee Consumer Protection Act.'" *Id.* at *2. The consumer appealed.

This Court described the determinative issue on appeal as follows:

Whether the trial court erred in granting the Defendants' motion to dismiss on grounds that Plaintiff's claims were barred by the statute of limitations when the complaint was filed within a year of the time that Plaintiff asserted that she discovered her injury.

*Id.* In answering this question in the negative, we first acknowledged that "the Tennessee legislature has determined that a plaintiff's TCPA claim accrues at time of the 'discovery of the unlawful act or practice,' thereby making applicable the 'discovery rule' first applied over thirty years ago in *Teeters v. Currey*, 518 S.W.2d 512 (Tenn. 1974)." *Schmank*, 2008 WL 2078076, at *2 (citations omitted). We then quoted *Pero's Steak and Spaghetti House v. Lee*,

-13-

90 S.W.3d 614 (Tenn. 2002), which restated the discovery rule thus:

> "It is now well-established that, where applicable, the discovery rule is an equitable exception that tolls the running of the statute of limitations until the plaintiff knows, *or in the exercise of reasonable care and diligence, should know that an injury has been sustained. Quality Auto Parts Co. Inc.*, 876 S.W.2d [818,] at 820 [Tenn. 1994]. The discovery rule does not, however, toll the statute of limitations until the plaintiff actually knows that he or she has a cause of action. *The plaintiff is deemed to have discovered the right of action when the plaintiff becomes aware of facts sufficient to put a reasonable person on notice that he or she has suffered an injury as a result of the defendant's wrongful conduct. Shadrick v. Coker*, 963 S.W.2d 726, 733 (Tenn. 1998); *Roe v. Jefferson*, 875 S.W.2d 653, 657 (Tenn. 1994)."

*Schmank*, 2008 WL 2078076, at *2-3 (quoting *Lee*, 90 S.W.3d at 621). This Court acknowledged that the question of "[w]hether the plaintiff exercised reasonable care and diligence in discovering the injury or wrong is usually a fact question for the jury to determine." *Id.* (quoting *Wyatt v. A-Best Co.*, 910 S.W.2d 851, 854 (Tenn. 1995) (citing *McIntosh v. Blanton*, 164 S.W.3d 584, 586 (Tenn. Ct. App. 2004)). We went on to state, however, that

> where the undisputed facts demonstrate that no reasonable trier of fact could conclude that a plaintiff did not know, or in the exercise of reasonable care and diligence should not have known, that he or she was injured as a result of the defendant's wrongful conduct, Tennessee case law has established that judgment on the pleadings or dismissal of the complaint is appropriate.

*Id.* (citing *Stanbury v. Bacardi*, 953 S.W.2d 671, 677-78 (Tenn. 1997); *Roe v. Jefferson*, 875 S.W.2d 653, 658 (Tenn. 1994); *Brandt v. McCord*, No. M2007-00312-COA-R3-CV, 2008 WL 820533, at *4 (Tenn. Ct. App. Mar. 26, 2008)). After reviewing the allegations of the complaint, we held that the consumer in *Schmank* had failed to timely bring her action for violation of the TCPA because "all of the facts sufficient to put a reasonable person on notice that she had suffered injury resulting from the Defendants' allegedly wrongful conduct were known or readily available to [the consumer] at the time she entered into the agreement to purchase her vehicles." *Id.* at *3. After rejecting the consumer's claim for fraudulent concealment, we affirmed the dismissal of the action. *Id.* at *5.

Unum argues that we should reach a similar conclusion here, submitting that Fortune's cause of action for violation of the TCPA accrued when Unum denied his claim for continued long term disability benefits in October 2001. Unum argues that Fortune was

indisputably aware of sufficient facts in October 2001 to place a reasonable person on notice that his injury or damages resulted from Unum's alleged unlawful conduct. Unum maintains that it matters not whether Fortune knew the specific type of legal claim he had or that the injury resulted from an unfair or deceptive act or practice under the TCPA. *See John Kohl & Co. P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 533 (Tenn. 1998) (citing *Shadrick v. Coker*, 963 S.W.2d 726, 733 (Tenn. 1998) ("[T]here is no requirement that the plaintiff actually know the specific type of legal claim he or she has, or that the injury constituted a breach of the appropriate legal standard."). According to Unum, "[t]he only relevant fact for purposes of applying the statute of limitations is when Fortune became aware that his claim had been denied, and that fact is indisputable: Fortune became aware of the claim denial in October 2001, five years before he filed his belated lawsuit." We agree and hold that the undisputed facts demonstrate that Fortune, with the exercise of reasonable care and diligence, should have discovered that he suffered injuries or incurred damages as a result of Unum's alleged wrongful denial of disability benefits in October 2001. Further, we hold that the same reasoning supports the grant of summary judgment on Fortune's remaining tort claims. *See Potts v. Celotex Corp.*, 796 S.W.2d 678, 680 (Tenn. 1990) (citations omitted) ("Under the "discovery rule" applicable in tort actions . . . the cause of action accrues and the statute of limitations begins to run when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered."). The trial court's grant of summary judgment on Fortune's statutory and tort claims is affirmed.

The remaining issues discussed in the appellant's brief are without merit. The Trustee submits that summary judgment is inappropriate because a genuine issue of material fact exists concerning whether Fortune was of unsound mind when Unum terminated his disability claim. Tennessee Code Annotated section 28-1-106 states:

> If the person entitled to commence an action is, at the time the cause of action accrued, either within the age of eighteen (18) years, or of unsound mind, such person, or such person's representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceeds three (3) years, and in that case within three (3) years from the removal of such disability.

Tenn. Code Ann. § 28-1-106 (2000). The Trustee, however, did not allege unsoundness of mind as a basis for tolling the limitations periods and or raise this argument before the trial court. It is therefore not properly before this Court on appeal. *See Fayne v. Vincent*, 301 S.W.3d 162, 171 (Tenn. 2009) (citations omitted) (acknowledging the "continuing vitality and validity of the principle that parties will not be permitted to raise issues on appeal that they did not first raise in the trial court" and further holding that "the party invoking this principle has the burden of demonstrating that the issue sought to be precluded was, in fact,

not raised in the trial court").

The Trustee's brief also contains bare assertions that Unum should be equitably estopped from alleging the applicable limitations periods as affirmative defenses and that this Court should not consider information contained in or attached to the sworn affidavit of Sharon Haas. These "arguments," however, are wholly unsupported by citation to authority in support of the appellant's positions. Equally absent from these abbreviated "arguments" is any attempt to explain how the elements of equitable estoppel are satisfied or why the affidavit of Sharon Haas is inadmissible. These perfunctory "arguments" are insufficient to warrant this Court's attention on appeal and are therefore waived. *See Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000) (citations omitted). The same is true for the Trustee's brief "argument" on the question of fraudulent concealment, which cites authority but nonetheless contains no explanation of how the doctrine is applicable under the undisputed facts, and its "argument" on the admissibility of Mona Bombassi's affidavit, which simply asserts that she was not an employee and/or keeper of the records of Unum Life Insurance Company. Further, even if the Trustee's conclusory statements regarding the inadmissibility of Mona Bombassi's affidavit constituted an argument, no issue was raised on this basis before the trial court.

In conclusion, we find that Unum is entitled to summary judgment on each of Fortune's causes of action. It is undisputed that Unum notified Fortune's prior attorney in October 2001—notice that is imputed to Fortune as a result of the attorney-client relationship, *see Winstead v. First Tennessee Bank N.A., Memphis*, 709 S.W.2d 627, 632-33 (Tenn. Ct. App. 1986) (citations omitted)—that Fortune's claim for continued benefits was terminated. To the extent Fortune stated he did not actually learn of the alleged unlawful, unfair, or deceptive practices of Unum in 2001, the undisputed facts show that he should have known in the exercise of reasonable care and diligence that he had sustained injuries or damages when Unum denied his claim. Fortune nevertheless did not file suit until October 2006, well beyond the expiration of the controlling limitations periods. We therefore hold that the trial court properly granted summary judgment in favor of Unum.

### V. Conclusion

For the foregoing reasons, we affirm the decision of the trial court. Costs of this appeal are taxed to the appellant, Bettye Bedwell as bankruptcy trustee, and her surety for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE