IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
July 19, 2011 Session

**TIMOTHY A. MOORE**
v.
**HUGH A. BUTLER, INDIVIDUALLY AND AS AGENT AND SERVANT OF
ANTHONY WOMMACK d/b/a WOMMACK TRUCKING, AND ANTHONY
WOMMACK d/b/a WOMMACK TRUCKING, AND McCOY'S HEATING &
AIR, INC.**

Appeal from the Circuit Court of Madison County
No. C07-348   Roger A. Page, Judge

No. W2010-02374-COA-R3-CV - Filed December 1, 2011

This appeal involves summary judgment in a vehicular accident case. In a line of vehicles, the defendant service vehicle was first, followed by the plaintiff's tractor-trailer, and then by the co-defendant's tractor-trailer. The defendant's service vehicle allegedly made a left turn without braking or using a turn signal, forcing the plaintiff's tractor-trailer to brake quickly. This resulted in the co-defendant's tractor-trailer rear-ending the plaintiff's tractor-trailer. The plaintiff filed a personal injury lawsuit against the defendant tractor-trailer for rear-ending him, and against the defendant service vehicle that turned in front of him. The defendant service vehicle owner filed a motion for summary judgment. The trial court granted the motion, finding that the defendant service vehicle owner had negated the element of proximate cause. The defendant tractor-trailer owner appeals. We reverse under the summary judgment standard in *Hannan v. Alltel Publ'g* Co., 270 S.W.3d 1 (Tenn. 2008).

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

R. Dale Thomas and Nathan E. Shelby, Memphis, Tennessee for Defendant/Appellant, Hugh A Butler, Individually and as Agent and Servant of Anthony Wommack d/b/a Wommack Trucking.

Charles H. Barnett, III and Sara E. Barnett, Jackson, Tennessee for Co-Defendant/Appellee, McCoy's Heating & Air, Inc.

## OPINION

### FACTS AND PROCEEDINGS BELOW

The incident that is the subject of this lawsuit occurred on November 3, 2006 on Hollywood Drive in Jackson, Tennessee.[1] On that day, Plaintiff Timothy A. Moore ("Moore")[2] was driving an empty truck owned by ABC Supply Co., Inc., headed north on Hollywood, going approximately 33 mph in a 40 mph zone. Moore was followed by Defendant/Appellant Hugh A. Butler ("Butler"), also going north on Hollywood, driving a fully loaded tractor-trailer truck owned by Defendant/Appellant Anthony Wommack, d/b/a Wommack Trucking ("Wommack"). As Moore neared the intersection with Mill Masters Drive,[3] he saw a service truck driving slowly in front of him. The service truck was allegedly owned by Defendant/Appellee McCoy's Heating Air, Inc. ("McCoy's").[4] The service truck was driving at approximately 5 to 10 mph. When Moore's vehicle was 10 to 12 feet behind the service truck, Moore suddenly realized that the service truck was turning left onto Mill Masters Drive. The service truck slightly overshot the intersection and, without using its brakes or turn signal, managed to turn slightly back and make the left turn onto Mill Master Drive.

As Moore neared the turning service truck, he applied his brakes, "mashing" them, but not "stomping" them. When Moore's vehicle was slowed but not completely stopped, Butler's tractor-trailer truck collided with the rear of Moore's truck.

---

[1] The facts are taken from the pleadings and from discovery. As we are reviewing a grant of summary judgment, we view the facts in the light most favorable to the non-moving parties, Defendant/Appellants Hugh A. Butler and Anthony Wommack, giving those parties the benefit of all reasonable inferences.

[2] Plaintiff Moore notified this Court that he was taking no position in this appeal.

[3] The record refers to this road as both Mill Masters Road and Mill Masters Drive. For purposes of this appeal, it will be referred to as Mill Masters Drive.

[4] We note that the parties' depositions refer to a service truck owned by "McCormack Heating & Air," and McCoy's vigorously disputes that the "phantom" service truck was one of its trucks. The trial court's grant of summary judgment did not address this issue, and we do not either. As noted above, we recount the facts in the light most favorable to the nonmovants, Butler and Wommack.

Prior to the collision, Butler had been driving the Wommack tractor-trailer truck at approximately twenty miles per hour. Butler did not see the service truck in front of Moore until it turned left onto Mill Masters Drive. Butler said he thought the vehicle in front of Moore may have been a "pickup." From Butler's standpoint, Moore did not slow before suddenly applying his brakes. Butler saw Moore's brake lights 3-4 seconds before impact, when Butler was approximately fifteen feet from the rear of Moore's truck. At the time of the impact with Moore's vehicle, Butler's tractor-trailer truck was traveling at about two to three miles per hour.

On October 31, 2007, Moore filed the instant personal injury lawsuit in the Circuit Court of Madison County, Tennessee. As defendants in the complaint, Moore named Butler individually and as agent and servant of Wommack.

Subsequently, in late 2009, Defendants Butler and Wommack were permitted to amend their answer to allege the responsibility of McCoy's for the accident. Despite the fact that Butler could not identify the phantom vehicle that turned left in front of Moore, and despite the fact that Moore testified in his deposition that the service truck was for "McCormack's" Heating & Air, the Defendants asserted that the phantom service vehicle was owned by McCoy's. The amended answer asserted that McCoy's, as a nonparty, was vicariously liable for the negligent acts of its employee, who made the sudden left turn onto Mill Masters Drive without using a turn signal or applying the brakes. The Defendants asserted that the negligence of McCoy's proximately caused or contributed to the accident, and violated the Rules of the Road as codified in Tennessee Code Annotated §§ 55-8-140 (required position and method for turning at intersections); 55-8-142 (turning movements – signal for stop or decrease in speed); 55-8-143 (signal for turns); and 55-8-144 (signals by hand and arm or signal device). Consequently, Moore was permitted to amend his complaint to add McCoy's as a named defendant.

After further discovery, on June 28, 2010, McCoy's filed a motion for summary judgment and an accompanying statement of undisputed facts. McCoy's argued first that there was no evidence in the record that the service truck at issue belonged to McCoy's. Second, McCoy's argued that the only proximate cause of the collision was Butler's failure to maintain a safe distance between his vehicle and Moore's vehicle.

On August 27, 2010, the trial court held a hearing on McCoy's summary judgment motion. After argument of counsel at the hearing, the trial court issued an oral ruling. The trial judge indicated that he had thoroughly reviewed the pleadings, depositions, and briefs prior to the hearing. Considering the record as a whole and the arguments by the parties' attorneys, the

trial court decided to grant the motion for summary judgment filed by McCoy's. The trial judge explained his reasoning:

> What the defendant's burden is now in a motion for summary judgment is to negate an element of the nonmoving party's claim which, of course, in this case would be Butler and Wommack Trucking. And I know it's a rare, rare case when a court will take a proximate cause issue away from a jury. And I think I can only do that when no reasonable juror could reach any other result. And I have studied the deposition testimony of Mr. Moore and Mr. Butler very carefully. And I'm going to find that the motion for summary judgment should be granted because the defendant has negated an element of the nonmoving party's claim, i.e. proximate cause. Because I don't think a reasonable juror could put any percentage, even 1, on this McCormack, McCoy, unknown vehicle in the front. So that's my decision.

Thus, the trial court granted the summary judgment motion of McCoy's on the issue of proximate cause and comparative fault. It did not address the argument by McCoy's that there was no evidence indicating that the phantom service vehicle belonged to McCoy's. On October 4, 2010, the trial court issued a written order granting summary judgment in favor of McCoy's, and incorporating by reference a transcript of the earlier oral ruling. The order was certified as final under Rule 54.02 of the Tennessee Rules of Civil Procedure. Defendants Butler and Wommack now appeal. Plaintiff Moore takes no position in this appeal.

**ISSUES ON APPEAL AND STANDARD OF REVIEW**

On appeal, Defendants Butler and Wommack argue that the trial court erred in granting summary judgment in favor of McCoy's based on proximate cause and comparative fault. They contend that the trial court erred in holding that a reasonable juror could not assess any fault to the service truck that allegedly belonged to co-defendant McCoy's, in light of the service vehicle's multiple violations of both common law and statutory law.

Since only questions of law are involved, we review the trial court's grant of summary judgment *de novo* with no presumption of correctness. ***Warren v. Estate of Kirk***, 954 S.W.2d 722, 723 (Tenn. 1997). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2010); ***see also Hannan v. Alltel Publ'g Co.***, 270 S.W.3d 1, 15 (Tenn. 2008). Summary judgment is only appropriate when

-4-

the facts and legal conclusions drawn from the facts reasonably permit only one conclusion. ***Carvell v. Bottoms***, 900 S.W.2d 23, 26 (Tenn. 1995).

As acknowledged by the trial court below, the standard that is applicable to the summary judgment motion filed by McCoy's is set forth in ***Hannan***, 270 S.W.3d at 5-10.[5] Under ***Hannan***, "[i]t is not enough for the moving party to challenge the nonmoving party to 'put up or shut up' or even to cast doubt on a party's ability to prove an element at trial." ***Id.*** at 8. Rather, the moving party must "either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense." ***Id.*** (quoting ***Staples v. CBL & Assocs., Inc.***, 15 S.W.3d 83, 88 (Tenn. 2000)). ***See Kennedy v. State Farm Ins. Co.***, No. W2010-01024-COA-R3-CV, 2011 WL 2899133, at *6; 2011 Tenn. App. LEXIS 394, at *16-17 (Tenn. Ct. App. July 21, 2011).

## ANALYSIS

In order for Defendants Butler and Wommack to show that McCoy's was negligent and is legally responsible for Moore's injuries, the following must be established: (1) a duty of care owed by the McCoy's to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause. ***McClenahan v. Cooley***, 806 S.W.2d 767, 774 (Tenn. 1991).

In granting summary judgment in favor of McCoy's, the trial court below held expressly that McCoy's had negated the element of proximate cause. On appeal, Defendants Butler and Wommack argue that a question of fact exists on proximate cause in this case, and that it is a matter for the jury to decide. They insist that, under the facts in this case viewed in a light most favorable to Butler and Wommack, a reasonable jury could assess some percentage of fault to McCoy's. In response, McCoy's argues that the undisputed facts show that Butler did not maintain a safe distance between his vehicle and Moore's vehicle, and Butler's failure to maintain a safe distance was the proximate cause for the collision.

In ***Hampton v. City of Memphis***, this Court succinctly explained causation in the context of negligence:

> The plaintiff in a negligence action is required to prove, by a preponderance
> of the evidence, two distinct elements of causation: cause in fact and

---

[5]We note the enactment of Tennessee Code Annotated § 20-16-101(2011), which is intended to supplant the summary judgment standard adopted in ***Hannan***. The statute is inapplicable to this case. ***See Sykes v. Chattanooga Hous. Auth.***, 343 S.W.3d 18, 25, n. 2 (Tenn. 2011) (noting that the newly enacted Section 20-16-101 is only applicable to actions filed on or after July 1, 2011).

proximate cause. Both types of causation ordinarily are questions of fact for the trier of fact " 'unless the uncontroverted facts and inferences to be drawn from them make it so clear that all reasonable persons must agree on the proper outcome.' " In order to demonstrate causation in fact, the plaintiff must prove that the defendant's conduct contributed directly to the plaintiff's injury. If the plaintiff's injury would not have occurred "but for" the defendant's conduct, then that conduct is a cause in fact of the injury. The defendant's conduct does not need to be the sole cause of the plaintiff's injury, but it must be a cause.

Proximate cause concerns the imposition of legal liability following the determination of cause in fact. Proximate cause, or legal cause, limits the chain of causation. Notwithstanding that the plaintiff's injury would not have occurred "but for" the defendant's action, the defendant will not be liable for injuries not substantially caused by his conduct or a reasonably foreseeable result of his conduct. The courts have developed a three-pronged test to establish proximate cause: (1) the conduct of the defendant must have been a "substantial factor" in causing the injury; and (2) no rule or policy relieves the wrongdoer from liability; and (3) the harm or injury could have been reasonably foreseen or anticipated "by a person of ordinary intelligence and prudence."

*Hampton v. City of Memphis*, No. W2010-00469-COA-R3-CV, 2010 WL 5140595, at *3; 2010 Tenn. App. LEXIS 777, at *7-8 (Tenn. Ct. App. Dec. 14, 2010) (citations omitted). Under the *McClenahan* three-pronged test for proximate cause quoted above, McCoy's does not contend on appeal that the accident was not reasonably foreseeable. *See McClenahan v. Cooley*, 806 S.W.2d 767, 775 (Tenn. 1991). Therefore, we focus on (1) whether the conduct of the alleged McCoy's service vehicle was a "substantial factor" in causing Moore's injury, and (2) whether there is a rule or policy that would relieve McCoy's of liability.

**Substantial Factor**

As the trial court properly referenced, summary judgment is generally inappropriate in negligence cases, as proximate cause is ordinarily a jury question unless "the uncontroverted facts and inferences to be drawn from them make it so clear that all reasonable persons must agree on the proper outcome." *Roe v. Catholic Diocese of Memphis, Inc.*, 950 S.W.2d 27, 31 (Tenn. Ct. App. 1996) (citing *McClenahan*, 806 S.W.2d at 775). We note that, to constitute a proximate cause of Moore's injuries, McCoy's negligence need not be the *only* cause of the accident; it need only be a substantial factor. *See Love v. Am. Fed'n of State,*

***Cnty. & Mun. Emps. Local 1733***, 165 S.W.3d 623, 632 (Tenn. Ct. App. 2004); ***Roberts v. Robertson Cnty. Bd. of Educ.***, 692 S.W.2d 863, 871 (Tenn. Ct. App. 1985).

In the context of reviewing a grant of summary judgment, under ***Hannan***, we do not look at whether there is sufficient evidence for a reasonable trier of fact to find that the conduct of the alleged McCoy's service truck driver was a substantial factor in causing Moore's injuries. That would have been the inquiry prior to ***Hannan***, but the ***Hannan*** Court explicitly rejected the "put up or shut up" standard for summary judgment. ***Hannan***, 270 S.W.3d at 8. Under ***Hannan***, in the absence of an affirmative defense, to obtain summary judgment, McCoy's must *negate* the element of proximate cause, that is, McCoy's must show by undisputed facts that its alleged driver was *not* a substantial factor in causing the accident. ***See Fortune v. Unum Life Ins. Co. of Am.***, No. W2009-01395-COA-R3-CV, 2010 WL 3984705, at *3; 2010 Tenn. App. LEXIS 643, at *10-11 (Tenn. Ct. App. Oct. 12, 2010), *perm. app. den.*, 2011 Tenn. App. LEXIS 302 (Tenn. Apr. 14, 2011).

Prior to the adoption of the ***Hannan*** summary judgment standard, under similar facts, this Court affirmed a grant of summary judgment on the issue of proximate cause. ***See Fowler v. Henderson,*** Nos. W2002-02529-COA-R3-CV, W2003-02862-COA-R3-CV, 2003 WL 230996786; 2003 Tenn. App. LEXIS 942 (Tenn. Ct. App. Dec. 31, 2003). In ***Fowler***, the plaintiffs' vehicle, ("Fowler"), was stopped in a long line of traffic. ***Fowler***, 2003 WL 23099686, at *1. The first defendant ("Dickinson"), stopped immediately behind Fowler, was rear-ended by a second defendant ("Henderson"). ***Id.*** The force of that collision pushed Dickinson's vehicle to collide with the rear of plaintiff Fowler's vehicle. ***Id.*** Much like Defendants Butler and Wommack in the case at bar, the defendants in ***Fowler*** asserted the comparative fault and negligence of a tree service company that blocked the road and made Fowler stop in the road. ***Id.*** at *2. The tree service vehicle was not directly involved in the ensuing collision. ***Id.*** at *1. The trial court granted summary judgment in favor of the tree service company, and the defendants appealed. ***Id.*** at *3.

The appellate court in ***Fowler*** focused on proximate cause, and specifically whether the tree service company's failure to properly warn was a "substantial factor" in the accident. ***Id.*** at *7. For purposes of summary judgment, the appellate court assumed that Dickinson "suddenly stopped" before Henderson's vehicle rear-ended it, causing the Dickinson vehicle to collide with the Fowler vehicle. ***Id.*** at *7. However, the appellate court noted that it was undisputed that the Fowler's vehicle was stopped for several minutes prior to the accident, and "that the stopped Fowler vehicle was plainly visible to anyone approaching and would have had the same visibility if it had been stopped by warning signs or flag man placed by [the tree service company] . . . it is undisputed that [the] action or inaction [of the tree company] was not the cause in fact nor the proximate cause of the collision at issue." ***Id.*** at

*7. Under those circumstances, the appellate court affirmed the grant of summary judgment. *Id.* at *8.

In this case, however, under the revised summary judgment standard, McCoy's is called upon to prove a negative, namely, to prove that its vehicle was *not* a substantial factor in causing Moore's injury. According to Moore's testimony in his deposition, the McCoy's service truck was "cruising" at approximately 5-10 mph, slightly overshot Mill Masters Drive, and then made a wide left turn onto Mill Masters Drive without using his brakes or a turn signal. This caused Moore to "mash" but not "stomp" his brakes when he was approximately 10-12 feet from the rear of the McCoy's service truck. At that point, Butler was approximately fifteen feet behind Moore. Moore testified that if the McCoy's truck "had used his signal light, [Moore] would have known what [McCoy] was going to do" and "as soon as [Moore] [saw] the signal light, yes, [he] would have slowed down." Thus, the record includes evidence that the McCoy's service truck was driving extremely slow, overshot Mill Masters Drive, and then without warning turned sharply to make the left-hand turn onto Mill Masters Drive.

Viewing the facts in the light most favorable to Defendants Butler and Wommack, we must respectfully disagree with the trial court's conclusion that McCoy's has conclusively shown by undisputed evidence that the McCoy's service vehicle was *not* a substantial factor in causing the accident.

### Rule or Policy

Under the second prong of the three-prong test for proximate cause set forth in *McClenahan*, McCoy's appears to argue that there is a rule or policy that relieves it from liability under the facts of this case. *McClenahan*, 806 S.W.2d at 775. McCoy's relies heavily on the Tennessee Supreme Court's decision in *Russell v. Furniture Renewal, Inc.*, which states:

> [A]lthough ordinarily a signal warning vehicles in the rear is necessary when the vehicle in front is stopped, nevertheless there is imposed upon the operators of the rear vehicles the corresponding duty of having their vehicles under such control as to be able to stop in time to prevent running into the car ahead in case the latter vehicle comes to a sudden stop in case of an emergency or in obedience to traffic signals.

***Russell v. Furniture Renewal, Inc.***, 151 S.W.2d at 1066, 1068 (Tenn. 1941).[6]  Thus, ***Russell*** states that it is "practical" and "sensible" to impose a duty on the driver of a rear automobile to have his vehicle under control and at a sufficient distance from the car ahead so as to bring the rear vehicle to a standstill if the car in front were to suddenly stop.  ***Russell***, 151 S.W.2d at 1068.  Later cases have clarified, however, that this duty is not absolute:

> While the defendant who hits an automobile immediately in front of him in a long, slow-moving line of traffic has a heavy burden in showing the accident was not his fault, there is no rule that the person in the trailing vehicle is absolutely liable.  If the defendant can show that the vehicle in front stopped suddenly and unexpectedly he may be able to avoid liability.

***Whitfield v. Logue***, No. 86-340-II, 1987 WL 7329, at *1; 1987 Tenn. App. LEXIS 2541, at *3 (Tenn. Ct. App. Mar. 6, 1987) (citations omitted); ***see also Ewing v. Birthright***, 448 S.W.2d 71, 74 (Tenn. 1969)).  Viewing the facts in a light most favorable to Defendants Butler and Wommack, we cannot conclude that McCoy's has demonstrated a rule or policy that would relieve it from liability.

Therefore, we must respectfully disagree with the conclusion of the trial court.  Under the standard in ***Hannan***, we must conclude that McCoy's did not negate the element of proximate cause, and that the grant of summary judgment in favor of McCoy's was erroneous.

## CONCLUSION

The decision of the trial court is reversed and the cause is remanded for further proceedings consistent with this Opinion.  Costs on appeal are assessed against Appellee, McCoy's Heating & Air, Inc., for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE

---

[6]We note that, in its appellate brief, McCoy's relies on the quote set forth above.  However, in McCoy's brief, the quote omitted the key words "ordinarily" and "corresponding duty," with no ellipses indicating that words were omitted.  The Court presumes that this omission was an oversight.