IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 23, 2008 Session

## JESSE RAYMOND PROCTOR, ET AL. v. CHATTANOOGA ORTHOPAEDIC GROUP, P.C., ET AL.

Appeal from the Circuit Court for Hamilton County
No. 06C520     Jacqueline E. Schulten, Judge

No. E2007-02469-COA-R3-CV - FILED JUNE 10, 2008

Jesse Raymond Proctor and Janie Kay Proctor ("Plaintiffs"), husband and wife, sued Chattanooga Orthopaedic Group, P.C. and Center for Sports Medicine & Orthopaedics, LLC ("Defendants") alleging violations of the Tennessee Consumer Protection Act of 1977, Tenn. Code Ann. § 47-18-101 *et seq.*, concerning certain business practices of Defendants related to surgery performed on Mr. Proctor. Defendants filed a motion to dismiss. After a hearing, the Trial Court entered an order finding and holding, *inter alia*, that the gravamen of Plaintiffs' claim sounded in alleged deceptive business practices under the Tennessee Consumer Protection Act of 1977; that the complaint was dismissed for failure to state a claim upon which relief could be granted; that Defendants' affirmative defenses contending that Plaintiffs' claims sound in medical malpractice should be denied; and that Plaintiffs were barred from amending their pleadings to raise medical malpractice claims. Plaintiffs appeal to this Court. We reverse and hold that the Tennessee Consumer Protection Act of 1977 can apply to the entrepreneurial, commercial, or business aspects of a medical practice, and since Plaintiffs' complaint sounds in alleged deceptive business practices under the Tennessee Consumer Protection Act of 1977, Plaintiffs have stated a claim upon which relief could be granted.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Sam Jones, Chattanooga, Tennessee for the Appellants, Jesse Raymond Proctor, et ux., Janie Kay Proctor.

Arthur P. Brock and Timothy J. Millirons, Chattanooga, Tennessee for the Appellees, Chattanooga Orthopaedic Group, P.C. and Center for Sports Medicine & Orthopaedics, LLC.

# OPINION

## Background

In 1998, Jesse Raymond Proctor established a doctor/patient relationship with Dr. N. Earl McElheney who at that time was affiliated with Defendants. In the course of Mr. Proctor's treatment, Dr. McElheney performed, among other things, a right rotator cuff repair surgery and later a left shoulder arthroscopic debridement. Some time later, Dr. McElheney and Mr. Proctor discussed shoulder replacement surgery and Mr. Proctor agreed to have Dr. McElheney perform the recommended procedure. The surgery was scheduled for August of 2005. However, Dr. McElheney disassociated from Defendants prior to this surgery.

Dr. Alan Odom, who was associated with Defendants, performed shoulder surgery on Mr. Proctor in August of 2005. Plaintiffs allege that Dr. Odom performed a hemi-arthroplasty on Mr. Proctor, rather than a total shoulder arthroplasty as recommended by Dr. McElheney. The operative report for Mr. Proctor's surgery apparently states that a total shoulder arthroplasty was performed on Mr. Proctor and Mr. Proctor's insurance company apparently was billed for a total shoulder arthroplasty rather than the less expensive hemi-arthroplasty actually performed.

Plaintiffs sued Defendants alleging that Defendants had deceived Mr. Proctor regarding Dr. McElheney's availability to perform the surgery in order for Defendants to keep his business and the income from Mr. Proctor's surgery, and further had deceived Mr. Proctor regarding the extent of the surgery actually performed. Plaintiffs later were granted leave to amend their complaint to allege, in part, that Defendants violated a statutory duty to keep records[1] when the operative report was prepared showing that Dr. Odom had performed a total shoulder arthroplasty on Mr. Proctor when a hemi-arthroplasty was performed, and that this incorrect report was utilized to submit a claim for insurance reimbursement. Defendants filed a motion to dismiss.

After a hearing, the Trial Court entered an order on October 2, 2007, finding and holding, *inter alia*, that the gravamen of Plaintiffs' claim sounded in alleged deceptive business practices under the Tennessee Consumer Protection Act of 1977; that the complaint was dismissed for failure to state a claim upon which relief could be granted; that Defendants' affirmative defenses contending that Plaintiffs' claims sound in medical malpractice should be denied; and that Plaintiffs were barred from amending their pleadings to raise medical malpractice claims. Plaintiffs appeal to this Court.

---

[1]The Trial Court's order allowing the amendment to the complaint states that the complaint is amended to including the following language: "8. An agent, employee, and/or servant of the Defendants, currently suspected to be Dr. Alan Odom, knew or should have known he was: A. violating TCA 68-3-303 (Hospital's duty to keep records) when he dictated his operative report…." This language was taken verbatim from Plaintiffs' motion to amend the complaint. Tennessee Code Annotated § 68-3-303 addresses only the preparation and filing of a birth certificate for a birth that occurs outside an institution. Tenn. Code Ann. § 68-3-303 (2006). While we note the error, the incorrect citing of this statute has no bearing on the issue involved in this appeal.

**Discussion**

Although not stated exactly as such, Plaintiffs raise one issue on appeal: whether the Trial Court erred in holding that the business aspects of Defendants' medical practice are not subject to the provisions of the Tennessee Consumer Protection Act of 1977, Tenn. Code Ann. § 47-18-101 *et seq.,* and dismissing Plaintiffs' complaint.

Our standard of review as to the granting of a motion to dismiss is set out in *Stein v. Davidson Hotel Co.*, in which our Supreme Court explained:

> A Rule 12.02(6), Tenn.R.Civ.P., motion to dismiss for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the complaint, not the strength of a plaintiff's proof. Such a motion admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action. In considering a motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true, and deny the motion unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994). In considering this appeal from the trial court's grant of the defendant's motion to dismiss, we take all allegations of fact in the plaintiff's complaint as true, and review the lower courts' legal conclusions *de novo* with no presumption of correctness. Tenn.R.App.P. 13(d); *Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn. 1996); *Cook*, *supra*.

*Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997).

Defendants argue on appeal that the Tennessee Consumer Protection Act of 1977 does not apply to the provision of medical services. Defendants cite *Constant v. Wyeth*, a decision of the United States District Court for the Middle District of Tennessee, for this proposition. *Constant v. Wyeth*, 352 F. Supp. 2d 847 (M.D. Tenn. 2003). The *Constant* Court found that the plaintiff had alleged a claim for medical malpractice and then alleged simply that the doctor had violated the Tennessee Consumer Protection Act of 1977 "with no other 'fleshing out' of this allegation." *Id.* at 853. The *Constant* Court then stated that it agreed "with the reasoning of [other state courts] that medical malpractice claims may not be recast as consumer protection act claims." *Id.* at 854. The *Constant* Court also stated:

> That is not to say physicians are immune entirely from claims under the TCPA. Rather, they are only immune when the plaintiff's allegations concern the actual provision of medical services. As one state court has explained:

-3-

We agree that "[i]t would be a dangerous form of elitism, indeed, to dole out exemptions to our [consumer protection] laws merely on the basis of the educational level needed to practice a given profession, or for that matter, the impact which the profession has on society's health and welfare." *Short, supra* at 58, 691 P.2d 163, citing *United States v. Nat'l Society of Professional Engineers*, 389 F.Supp. 1193, 1198 (D.D.C., 1974), vacated and remanded 422 U.S. 1031, 95 S.Ct. 2646, 45 L.Ed.2d 686 (1975) (for reconsideration in light of *Goldfarb, supra*). Also, because the MCPA [Michigan Consumer Protection Act] broadly defines "trade or commerce," in part, as the "conduct of a business," and the practice of medicine clearly has a business aspect, a blanket exemption for the learned professions would be improper. However, we are also of the opinion that it would be improper to view the practice of medicine as interchangeable with other commercial endeavors and apply to it concepts that originated in other areas. *Goldfarb, supra*. Therefore, a blanket inclusion in the MCPA for physicians would also be improper. Consequently, we align ourselves with the line of cases set forth in this opinion and bold (sic) that only allegations of unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of the entrepreneurial, commercial, or business aspect of a physician's practice may be brought under the MCPA.

*Nelson v. Ho*, 222 Mich. App. 74, 564 N.W.2d 482, 486 (1997).

*Id.* at 853-54 n.10.

We agree that medical malpractice claims may not be recast as Tennessee Consumer Protection Act of 1977 claims. These two types of claims are wholly separate and distinct claims governed by separate statutory schemes. Tenn. Code Ann. § 29-26-115 *et seq.*; Tenn. Code Ann. § 47-18-101 *et seq.* The *Constant* plaintiff pled a claim for medical malpractice and then attempted to also allege that this very same claim constituted a violation of the consumer protection law. *Constant*, 352 F. Supp. 2d at 853. This is distinguishable from the case now before us. Here, the Trial Court found and held that the gravamen of Plaintiffs' claim sounded in alleged deceptive business practices under the Tennessee Consumer Protection Act of 1977, not in medical malpractice. Simply put, Plaintiffs did not allege that Defendants had deviated from the acceptable standard of professional practice in either the decision to perform the surgery that was performed or in the manner in which the actual surgery was performed. Plaintiffs instead alleged that Defendants had misled them in order to keep Mr. Proctor's business, and that Defendants charged for a more expensive procedure than the one actually performed. We agree with the Trial Court that Plaintiffs' complaint attempts to state a claim for alleged deceptive business practices under the Tennessee Consumer Protection Act of 1977, and not a claim for medical malpractice.

The Tennessee Consumer Protection Act of 1977 provides that it shall be liberally construed to promote its purposes, which include:

-4-

(1) To simplify, clarify, and modernize state law governing the protection of the consuming public and to conform these laws with existing consumer protection policies;
(2) To protect consumers and legitimate business enterprises from those who engage in unfair or deceptive acts or practices in the conduct of any trade or commerce in part or wholly within this state;
(3) To encourage and promote the development of fair consumer practices;
(4) To declare and to provide for civil legal means for maintaining ethical standards of dealing between persons engaged in business and the consuming public to the end that good faith dealings between buyers and sellers at all levels of commerce be had in this state; and
(5) To promote statewide consumer education.

Tenn. Code Ann. § 47-18-102 (2001). To these ends, Tenn. Code Ann. § 47-18-115 provides:

> **47-18-115. Construction. –** This part, being deemed remedial legislation necessary for the protection of the consumers of the state of Tennessee and elsewhere, shall be construed to effectuate the purposes and intent. It is the intent of the general assembly that this part shall be interpreted and construed consistently with the interpretations given by the federal trade commission and the federal courts pursuant to § 5(A)(1) of the Federal Trade Commission Act (15 U.S.C. § 45(a)(1)).

Tenn. Code Ann. § 47-18-115 (2001).

In *Goldfarb v. Virginia State Bar*, the United States Supreme Court refused to find a blanket exemption for the learned professions from the Sherman Act and held "that certain anticompetitive conduct by lawyers is within the reach of the Sherman Act …." *Goldfarb v. Virginia State Bar*, 421 U.S. 773, 793, 95 S. Ct. 2004, 2016, 44 L. Ed.2d 572, 588 (1975). The Sixth Circuit has instructed:

> The Federal Trade Commission Act may be construed *in pari materia* with the Sherman and Clayton Acts. "This construction allows for using cases decided under any of the antitrust laws in dealing with cases brought by the Commission." Atlantic Refining Co. v. Federal Trade Commission, 344 F.2d 599, 606 (C.A. 6), cert. denied, 382 U.S. 939, 86 S. Ct. 391, 15 L. Ed. 2d 350.

*American Cyanamid Co. v. Federal Trade Comm'n*, 363 F.2d 757, 770 (6th Cir. 1966). In addition, the Federal Trade Commission has held that attorneys are subject to the Federal Trade Commission Act. *In re Wilson Chem. Co.*, 64 F.T.C. 168 (1964). Given the clear directions and intent of our General Assembly as expressed in the statute along with the relevant Federal and Tennessee case law, we hold that Defendants are not exempt because they are learned professionals from claims relating to their business practices brought under the Tennessee Consumer Protection Act of 1977.

Construing the complaint liberally in favor of Plaintiffs and taking all allegations of fact as true, as we must, we hold that Plaintiffs have stated a claim against Defendants under the Tennessee Consumer Protection Act of 1977 for alleged deceptive business practices upon which relief could be granted. We, therefore, reverse the Trial Court's October 2, 2007 order dismissing Plaintiffs' complaint.

## **Conclusion**

The judgment of the Trial Court dismissing Plaintiffs' complaint for failure to state a claim upon which relief can be granted is reversed and this cause is remanded to the Trial Court for further proceedings and for collection of the costs below. The costs on appeal are assessed against the Appellees, Chattanooga Orthopaedic Group, P.C. and Center for Sports Medicine & Orthopaedics, LLC.

_____
D. MICHAEL SWINEY, JUDGE

-6-