# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### April 19, 2016 Session

## VICTORIA HAYNES V. BENTON NED BASS, ET AL.

### Appeal from the Chancery Court for Shelby County
### No. CH 14-1294      Walter L. Evans, Chancellor

---

### No. W2015-01192-COA-R3-CV – Filed June 9, 2016

---

Ex-wife sued ex-husband, mortgage company, title company, and attorney alleging causes of action for fraud, negligent misrepresentation, promissory estoppel, breach of contract, negligence, and civil conspiracy. Pursuant to the terms of a postnuptial agreement, a residence purchased in Collierville, Tennessee was to be ex-wife's separate property. Ex-wife alleged that ex-husband failed to deed the property to her as agreed in the postnuptial agreement. She further alleged that he forged or caused to be forged her name on loan documents for the Collierville residence, which were then "falsely notarized" by the attorney. Defendants asserted multiple defenses and filed motions to dismiss and for judgment on the pleadings. We have determined that the trial court properly dismissed all of the plaintiff's claims for failure to state a claim upon which relief could be granted. Plaintiff's damages were the result of her failure to pay the mortgage on the Collierville residence, which caused the Arkansas divorce court to hold her in contempt and to order the property sold at auction. Even if we assume that all of the allegations of the plaintiff's complaint are true, these allegations fail to make out a claim for relief.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

ANDY D. BENNETT, J., delivered the opinion of the Court, in which BRANDON O. GIBSON, and KENNY W. ARMSTRONG, JJ., joined.

Daniel Frederick Burette Peel, Memphis, Tennessee, for the appellant, Victoria Haynes.

Kevin D. Bernstein, Memphis, Tennessee, for appellee Benton Ned Bass.

Garry Kevin Grooms, Nashville, Tennessee, for appellee SunTrust Mortgage, Inc.

Melanie M. Stewart and John J. Bennett, Memphis, Tennessee, for appellees Michael Acree and Realty Title & Escrow Co., Inc.

# OPINION

## FACTUAL AND PROCEDURAL BACKGROUND

Victoria Haynes and Benton Ned Bass were married in December 1995 and entered into a postnuptial agreement on December 21, 2007 in Arkansas. The postnuptial agreement provided, in pertinent part, that "the residence being purchased by WIFE in the Memphis, Tennessee area, with the approval of HUSBAND, shall be WIFE's sole and separate property, and HUSBAND acknowledges such by his signature on this agreement." Husband was to be "solely responsible for the Tennessee residence note . . . until the closing and actual receipt of the funds from the sale of Brady Mountain Resort [a piece of marital property 'under contract for sale in the near future']." Ms. Haynes filed a complaint for divorce against Mr. Bass in Arkansas on December 26, 2007, and a final divorce decree was entered on January 24, 2014.

Ms. Haynes filed the present action on August 27, 2014 against Mr. Bass, SunTrust Mortgage, Inc., Michael Acree, and Realty Title & Escrow Co., Inc., asserting causes of action for fraud, negligent misrepresentation, promissory estoppel, breach of contract, negligence, and civil conspiracy. According to Ms. Haynes's complaint, when she and Mr. Bass bought the property in the Memphis area ("the Collierville residence"), he executed deeds of trust prepared by Realty Title as security for promissory notes for $417,000 and $100,000 payable to SunTrust. Ms. Haynes further alleges:

15. . . . Upon information and belief, Benton Ned Bass also forged or caused to be forged the name and initials of Victoria Haynes (Bass) without her knowledge, permission or authorization to the deeds of trust for the Collierville residence, which were then falsely notarized by Michael Acree, an attorney and notary, who upon information and belief, was employed by and/or an agent of Realty Title & Escrow.

16. Upon information and belief, Benton Ned Bass provided false and misleading information in the loan applications for the Collierville residence, including but not limited to misrepresentations regarding his intended occupancy of the house and status of pending litigation, to SunTrust Mortgage, which failed to perform any due diligence to verify the material misrepresentations made by Benton Ned Bass.

17. After the closing and receipt of the funds from the sale of Brady Mountain Resort, Benton Ned Bass refused to convey by quitclaim deed the title to the Collierville residence to Victoria Haynes (Bass) as he had previously promised and represented.

18. In reliance upon the false promises and misrepresentations of Benton Ned Bass regarding the Collierville residence, Victoria Haynes (Bass) incurred significant expenses in the maintenance, upkeep and improvement

of the Collierville residence, including but not limited to certain mortgage payments and property taxes and the installation of a pool, storm doors, cement and air conditioners.

. . .

21. On February 21, 2014, the Collierville residence was sold to Timothy Renicks and Amy Renicks for $462,000.00, or $223,000.00 less than the purchase price of $685,000.00.

Attached as exhibits to the complaint are the postnuptial agreement and the deeds of trust.

The defendants answered, denying any wrongdoing and asserting affirmative defenses. Mr. Acree and Realty Title alleged collateral estoppel and the prior release of the trust deeds at issue. Attached to their answer are trust deed releases and orders from the Arkansas court that granted the parties a divorce, which include the court's finding that Ms. Haynes was in contempt for failure to pay the mortgage and its appointment of a receiver to sell the Collierville property. Mr. Bass made similar arguments, but also pled judicial estoppel, res judicata, issue preclusion, the statute of limitations, and the Full Faith and Credit Clause of the United States Constitution. In its answer, SunTrust raised some of the same defenses and attached a copy of the Arkansas divorce decree, other orders of the Arkansas court, and trust deed releases.

In November 2014, Mr. Acree and Realty Title filed a motion to dismiss for failure to state a claim upon which relief could be granted pursuant to Tenn. R. Civ. P. 12.02(6). They argued that Ms. Haynes had "undergone no harm as a result of Defendants' alleged action, and therefore no damages are recoverable." In addition, Mr. Acree and Realty Title asserted that collateral estoppel and the Full Faith and Credit Clause of the United States Constitution barred further litigation concerning Ms. Haynes's rights in the Collierville residence. A few weeks later, SunTrust filed a motion for judgment on the pleadings pursuant to Tenn. R. Civ. P. 12.03 asserting that Ms. Haynes's complaint failed to state a claim upon which relief could be granted and that the issues presented had already been adjudicated in the Arkansas divorce action. Attached to the motion were copies of pertinent orders from the Arkansas divorce.

Mr. Bass filed a motion for judgment on the pleadings in January 2015 pursuant to Tenn. R. Civ. P. 12.02(6) and (8) asserting res judicata,[1] collateral estoppel, and full faith

---

[1] According to the complaint, a notice of appeal was filed from the Arkansas divorce decree. At oral argument, this Court was informed that the matter had been sent back to the Arkansas trial court, but we do not know whether there is a final order regarding the disposition of the property. We did not, therefore, consider the res judicata and collateral estoppel arguments raised by the defendants in the present appeal because a final judgment is required for both of these defenses. *See Patton v. Estate of Upchurch*, 242 S.W.3d 781, 787 (Tenn. Ct. App. 2007) (stating that the judgment in the first lawsuit must be final for collateral estoppel to apply); *Smith Mech. Contractors, Inc. v. Premier Hotel Dev. Grp.*, 210

(continued…)

and credit. Mr. Bass further argued that Ms. Haynes had suffered no damages due to Mr. Bass's acts or omissions and that fraud claims were barred by the three-year statute of limitations. Attached in support of Mr. Bass's motion is a letter from Ms. Haynes to SunTrust.

Ms. Haynes filed a motion to strike the defendants' motion to dismiss and motions for judgment on the pleadings for failure to comply with the Tennessee Rules of Civil Procedure. The basis for this motion to strike was the fact that the defendants' motions to dismiss and for judgment on the pleadings required "the court to consider matters outside the pleadings." Therefore, Ms. Haynes asserted, the defendants must comply with Tenn. R. Civ. P. 56 regarding motions for summary judgment, including the requirement of filing a statement of material facts. Because the defendants had failed to comply with Tenn. R. Civ. P. 56, she argued, their motions should be stricken. The trial court denied Ms. Haynes's motion to strike on February 24, 2015. Ms. Haynes then filed a response to the defendants' motions to dismiss and for judgment on the pleadings and attached her own affidavit addressing her letter to SunTrust and reiterating some of the key allegations from her complaint.

The defendants' motion to dismiss and motions for judgment on the pleadings were heard by the trial court on April 2, 2015. In an order entered on June 1, 2015, the court granted the motions and dismissed all of Ms. Haynes's claims for failure to state a claim upon which relief could be granted. Ms. Haynes appealed.

STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to Tenn. R. Civ. P. 12.02(6) challenges the legal sufficiency of the complaint rather than the strength of the plaintiff's proof or evidence. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). The motion admits the truth of all averments contained in the complaint but asserts that such facts do not constitute a cause of action. *Id.* In considering a motion to dismiss, a court must liberally construe the complaint, "'presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Id.* (quoting *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007)). The scope of review following the grant or denial of a motion to dismiss involves a question of law, which we review de novo, without any presumption of correctness. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 895 (Tenn. 2011).

Our Supreme Court has stated that, "[A] motion for judgment on the pleadings is 'in effect a motion to dismiss for failure to state a claim upon which relief can be

S.W.3d 557, 567 (Tenn. Ct. App. 2006) ("The doctrine of *res judicata* presupposes the existence of a final judgment on the merits.").

granted.'" *King v. Betts*, 354 S.W.3d 691, 709 (Tenn. 2011) (citations omitted). Judgment on the pleadings is proper when the facts alleged in the complaint, even if proven, do not entitle the plaintiff to relief. *Waller v. Bryan,* 16 S.W.3d 770, 773 (Tenn. Ct. App. 1999). In considering such a motion, the court must consider "as true 'all well-pleaded facts and all reasonable inferences drawn therefrom'" alleged by the nonmoving party. *Cherokee Country Club, Inc. v. City of Knoxville*, 152 S.W.3d 466, 470 (Tenn. 2004) (quoting *McClenahan v. Cooley*, 806 S.W.2d 767, 769 (Tenn. 1991)).

ANALYSIS

This appeal presents two issues. The more general issue is whether the trial court erred in granting the defendants' motions based upon the plaintiff's failure to state a claim for relief. The more specific issue is whether the trial court erred in considering evidence outside of the complaint in ruling on the defendants' motions to dismiss and for judgment on the pleadings and in failing to convert these motions to motions for summary judgment. We will begin with the latter issue.

Evidence considered

Ms. Haynes asserts that the trial court relied upon matters outside of the pleadings in granting the defendants' motions for judgment on the pleadings and motion to dismiss. Tennessee Rule of Civil Procedure 12.02(6) states, in pertinent part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Tennessee Rule of Civil Procedure 12.03 contains a similar provision that applies to motions for judgment on the pleadings. Relying upon these rules, Ms. Haynes argues that the defendants' motions should have been converted to motions for summary judgment.

It should be noted that, at the hearing, the trial court denied considering matters outside of the pleadings:

> MR. PEEL [Plaintiff's counsel]: For clarification, did you consider matters outside of our pleading?
> THE COURT: No.
> MR. PEEL: Only our Complaint, the Plaintiff's Complaint was considered? Nothing that the Defendants submitted?

THE COURT: Right.

Just prior to these statements, however, the trial court announced its decision, and, in so doing, arguably relied upon documents other than the complaint:

> It appears to the Court that the Plaintiff, Ms. Haynes or the former Mrs. Bass is seeking to utilize the jurisdiction of the Tennessee court to bring her relief on a matter that appears to the Court to more properly be within the jurisdiction of the Arkansas court.
>
> Ms. Haynes voluntarily utilized the services of the Arkansas court in bringing her original action for divorce, and she utilized the results of the Arkansas court's decision in electing to live in the Collierville residence for five years and paying the note and accepting the obligations that were created by the alleged deed of trust.
>
> But the Court has listened very carefully to the arguments of all of the counsel and the Court has reviewed the allegations in the Plaintiff's Complaint and the Court is of the opinion that the arguments by all of the Defendant attorneys [are] well taken, and the Court adopts the same as stated.
>
> And for that reason, the Court is of the opinion that the allegations against all of the Defendants do not provide a claim for which relief can be granted and the case is, and the Plaintiff's lawsuit will be dismissed for failure to state a claim pursuant to Rule 12.06, state a claim for which relief can be granted, and for the same reason so stated by the Defendants' attorneys.

From this statement by the trial court, it appears that the court considered the records from the Arkansas divorce action.

There are exceptions to the general rule, cited above, that a court must convert a Tenn. R. Civ. P 12.02(6) motion to a motion for summary judgment if the court considers evidence outside the pleadings. In *Indiana State District Counsel of Laborers v. Brukardt*, No. M2007-02271-COA-R3-CV, 2009 WL 426237 (Tenn. Ct. App. Feb. 19, 2009), the court adopted the following language:

> Numerous cases . . . have allowed consideration of matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; these items may be considered by the district judge without converting the motion into one for summary judgment.

- 6 -

*Brukardt*, 2009 WL 426237, at *8 (quoting Wright and Miller, FEDERAL PRACTICE AND PROCEDURE, § 1357, p. 376 (3d ed. 2004)). Applying the general rule and the exceptions, the *Brukardt* court determined that the trial court properly considered a proxy statement and a certificate of incorporation when ruling on a motion to dismiss because Tennessee law allowed for judicial notice of such public records. *Id.* at *9. The court went on to conclude that the trial court erred in considering newspaper articles and press releases as these materials were not subject to judicial notice. *Id.* The court in *Western Express, Inc. v. Brentwood Services, Inc.*, No. M2008-02227-COA-R3-CV, 2009 WL 3448747, at *3 (Tenn. Ct. App. Oct. 26, 2009), relied upon the rule stated in *Brukardt* to hold that the trial court properly considered a settlement agreement because it was a public record. More recently, in *Singer v. Highway 46 Properties, LLC*, No. M2013-02682-COA-R3-CV, 2014 WL 4725247, at *3 (Tenn. Ct. App. Sept. 23, 2014), the court applied the same exceptions in holding that the trial court did not err in considering certain public records (a quit claim deed and an LLC's articles of incorporation and annual reports) on a motion to dismiss.

In *Cochran v. City of Memphis*, No. W2012-01346-COA-R3-CV, 2013 WL 1122803, at *2 (Tenn. Ct. App. Mar. 19, 2013), the City's motion to dismiss the plaintiffs' second complaint included the following exhibits: the plaintiffs' first complaint, an order dismissing the cause for lack of prosecution, and an order denying the plaintiffs' motion to set aside the order of dismissal. Citing *Brukardt*, the court determined that the City's motion should not be converted to a motion for summary judgment. *Id.* To the extent that the trial court in the present case considered the orders from the Arkansas divorce provided as attachments to the defendants' motions, the trial court did not err in failing to convert the motions to dismiss/for judgment on the pleadings to motions for summary judgment. Such materials fall within the exceptions to the general rule cited in *Brukardt*.

Granting of motions

We must next determine whether the trial court properly granted the defendants' motions to dismiss or for judgment on the pleadings.

I. Claims against Mr. Bass

We begin with the claims Ms. Haynes directed against Mr. Bass alone—claims for fraud, negligent misrepresentation, promissory estoppel, and breach of contract, all related to his alleged failure to transfer title to the Collierville residence to Ms. Haynes as contemplated under the postnuptial agreement.

Ms. Haynes's cause of action for fraud states as follows:

Defendant Benton Ned Bass falsely represented to Plaintiff that he would convey the title to the Collierville residence to Plaintiff upon the closing and actual receipt of the funds from the sale of Brady Mountain Resort. Plaintiff reasonably relief upon the Defendant's misrepresentation or material omissions to her detriment, proximately causing damages to Plaintiff. These misrepresentations were intentional, fraudulent and/or malicious.

The elements of fraud are:

(1) an intentional misrepresentation with regard to a material fact; (2) knowledge of the representation['s] falsity—that the representation was made "knowingly" or "without belief in its truth," or "recklessly" without regard to its truth or falsity; (3) that the plaintiff reasonably relied on the misrepresentation and suffered damage; and (4) that the misrepresentation relates to an existing or past fact, or, if the claim is based on promissory fraud, then the misrepresentation must "embody a promise of future action without the present intention to carry out the promise."

*Stacks v. Saunders*, 812 S.W.2d 587, 592 (Tenn. Ct. App. 1990) (citations omitted); *see also Shahrdar v. Global Housing, Inc.*, 983 S.W.2d 230, 237 (Tenn. Ct. App. 1998).

An order of the Circuit Court of Garland County, Arkansas, Domestic Relations Division, dated September 10, 2013 (attached to the answer of Mr. Acree and Realty Title as well as to other pleadings), held Ms. Haynes in contempt for "failure to pay the note and mortgage on the Collierville residence in the amount of $51,000.00." The order provided that she could purge herself of contempt by paying Mr. Bass $55,000.00 within seven days and making all future payments on the Collierville residence pursuant to previous orders. In the event that Ms. Haynes failed to purge herself of contempt, the court would appoint a receiver to sell the Collierville residence. Ms. Haynes was also directed to submit to Mr. Bass's attorney a "complete and sworn accounting for every dollar of the $4.5 million she has received since the parties' separation." Pursuant to an order entered on December 20, 2013 (attached to the answer of Mr. Acree and Realty Title as well as to other pleadings), the Arkansas court appointed a receiver "for the purpose of effecting a sale of the parties' real property located in Collierville, Tennessee." Mr. Bass and Ms. Haynes were divorced by final decree of the Garland County domestic relations court on January 24, 2014. On January 30, 2014, the court in Arkansas entered an order confirming that the Collierville, Tennessee property had been sold for $420,000.00.

Ms. Haynes's complaint does not state a claim upon which relief can be granted for a cause of action for fraud because she fails to set forth facts to show that, even if she reasonably relied upon fraudulent representations by Mr. Bass that he would convey title

to the Collierville residence to her, such reliance resulted in no damage to her. Rather, the documents attached to the defendants' pleadings reveal that Ms. Haynes lost the residence, and the value of all of the improvements she made to the property, because of her failure to pay the mortgage, which resulted in the Arkansas court ordering the property to be sold.

Moreover, Ms. Haynes failed to file her claim for fraud within the applicable statute of limitations—within three years of "'when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered.'" *Fortune v. Unum Life Ins. Co. of Am.*, 360 S.W.3d 390, 403 (Tenn. Ct. App. 2010) (quoting *Potts v. Celotex Corp.,* 796 S.W.2d 678, 680 (Tenn. 1990)); *see* Tenn. Code Ann. § 28-3-105(1). As quoted above, Ms. Haynes's complaint alleges that Mr. Bass "falsely represented to [her] that he would convey the title to the Collierville residence to [her] upon the closing and actual receipt of the funds from the sale of Brady Mountain Resort." The postnuptial agreement states that the Brady Mountain Resort property was under contract at the time of the agreement, which was executed in December 2007. According to the Arkansas divorce decree, "[a]fter the [postnuptial] agreement was executed," the sale closed and the parties each received half of the net proceeds. Thus, Ms. Haynes would have known that Mr. Bass had failed to fulfill his promise to convey title in 2008. Ms. Haynes filed this action in August 2014, well after the statute of limitations had run.

Ms. Haynes also alleges that Mr. Bass "falsely supplied incorrect information to Plaintiff regarding the Collierville residence or failed to exercise reasonable care in obtaining or communicating this information." She further asserts that these "misrepresentations were fraudulent and/or reckless." Pursuant to Tenn. R. Civ. P. 9.02, "the circumstances constituting fraud or mistake shall be stated with particularity." We find that these allegations fail to state with particularity the circumstances constituting fraud. We do not know what information Ms. Haynes is referencing. This claim is not based upon the information Mr. Bass supplied to the bank. Ms. Haynes refers to information Mr. Bass provided to her, but she does not sufficiently explain to what information she refers and how it was misleading.

With regard to Ms. Haynes's claims against Mr. Bass for negligent misrepresentation, promissory estoppel, and breach of contract, we find that these causes of action must fail because Ms. Haynes fails to assert any damages resulting from the alleged wrongdoing on the part of Mr. Bass. To make out a claim for negligent misrepresentation, as with fraudulent misrepresentation, one must prove that he/she "suffered damage as a result of the misrepresentation." *Russell v. HSBC Mortg. Servs., Inc.*, No. M2015-00197-COA-R3-CV, 2016 WL 1588091, at *12 (Tenn. Ct. App. Apr. 15, 2016) (citing *Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 311 (Tenn. 2008)). Promissory estoppel, or detrimental reliance, requires a plaintiff to prove that a promise was made and that he [or she] "reasonably relied upon that promise to his

[or her] detriment." *Bell v. Eller Media Co.*, No. W2010-01241-COA-R3-CV, 2011 WL 255115, at \*6 (Tenn. Ct. App. Jan. 20, 2011). And, for a claim for breach of contract, a plaintiff must prove damages caused by the breach of the contract. *Hampton v. Macon Cnty. Bd. of Educ.*, No. M2013-00864-COA-R3-CV, 2014 WL 107971, at \*9 (Tenn. Ct. App. Jan. 10, 2014).

As discussed above, Ms. Haynes's damages are the result of her own failure to pay the mortgage and the Arkansas court's decision to order the Collierville residence sold because of Ms. Haynes's contempt. Even if this Court accepts as true the allegations of Ms. Haynes's complaint as to Mr. Bass's actions, the allegations are not sufficient to make out a claim against Mr. Bass because the damages sustained by Ms. Haynes are not related to Mr. Bass's alleged breach of the postnuptial agreement.

II.  Negligence claims

Ms. Haynes alleges that defendants SunTrust, Mr. Acree, and Realty Title owed a duty of care to her "in the preparation, execution and recordation of the deeds of trust and other related documents regarding the Collierville residence," that they breached that duty, and that they "proximately caused damages" to her. These defendants argue that the allegations of Ms. Haynes's complaint, even if taken as true, fail to establish any causal connection between their alleged negligence and the subsequent auction of the Collierville residence by order of the Arkansas court. They contend that, even if SunTrust failed to exercise due diligence in connection with the loan approval or the alleged forgery of the deeds of trust, or even if Mr. Acree falsely notarized Ms. Bass's forged signature, these actions did not proximately cause Ms. Haynes to suffer any damages. Moreover, these defendants point out, the deeds of trust were released prior to the sale of the Collierville residence and never came into play.

We find the defendants' arguments persuasive and conclude that Ms. Haynes's complaint fails to state a claim for negligence upon which relief may be granted against SunTrust, Mr. Acree, or Realty Title.

III.  Civil conspiracy claim

Ms. Haynes's final claim is against all of the defendants for civil conspiracy. The elements of a claim for civil conspiracy under Tennessee law are as follows:

> (1) a common design between two or more persons, (2) to accomplish by concerted action an unlawful purpose, or a lawful purpose by unlawful means, (3) an overt act in furtherance of the conspiracy, and (4) resulting injury.

*Kincaid v. SouthTrust Bank*, 221 S.W.3d 32, 38 (Tenn. Ct. App. 2006). Tennessee law requires that a claim for conspiracy "must be pled with some degree of specificity." *Id.* "Conclusory allegations . . . unsupported by material facts will not be sufficient to state such a claim." *Id.*

In her complaint, Ms. Haynes makes the following allegations regarding civil conspiracy:

> Defendants engaged in a common scheme and design to wrongfully deprive Plaintiff of her rights in the Collierville residence, with each having the intent to do so and knowledge of the others' intent to do so. Defendants' common design or scheme was carried out to achieve an unlawful purpose or to achieve a lawful purpose by unlawful means. Defendants took overt, concerted action in furtherance of their common scheme or design, thereby engaging in a civil conspiracy. The concerted actions of Defendants directly and proximately caused Plaintiff to suffer damages.

This paragraph is essentially a recitation of the elements of a claim for conspiracy stated in terms of the parties and property involved in the present case. The complaint fails to detail how the defendants engaged in a common scheme and had knowledge of one another's intent to deprive the plaintiff of her rights in the Collierville residence. The complaint provides no specific facts to apply the elements of the claim to the present case.

We conclude that the trial court properly dismissed this claim for failure to state a claim upon which relief could be granted.

CONCLUSION

We affirm the judgment of the trial court in all respects. This matter is remanded with costs of appeal assessed against the appellant, Victoria Haynes, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE